UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN

SHANNON T. BOYLE,

      Plaintiff,

v.

STATE OF MICHIGAN CHILD
PROTECTIVE SERVICES, et al.,

      Defendants.

_____/

Case No. 2:25-cv-00161

Hon. Robert J. Jonker
U.S. District Judge

## REPORT AND RECOMMENDATION

**I. Introduction**

This Report and Recommendation (R. & R.) considers *sua sponte* this Court's subject matter jurisdiction in this matter and respectfully recommends dismissal of the case for lack of subject matter jurisdiction. In addition, this R. & R. addresses Defendants' motion to dismiss, which was filed on Aug. 18, 2025, and, as an alternative, respectfully recommends that the Court grant their motion. (ECF Nos. 5 and 7.) Plaintiff has not responded to Defendants' motion to dismiss.

*Pro Se* Plaintiff Shannon T. Boyle filed this lawsuit against the State of Michigan, Child Protective Services; Director Demetrius Starling; Supervisor Alicia Burke; and Agent Lindsey Kinzer.[1] (ECF No. 1.) Plaintiff asserts that this Court

---

[1] Boyle has filed four other cases that fail to invoke this Court's subject matter jurisdiction and/or fail to state a claim upon which relief may be granted. *See Boyle v. CoVantage Credit Union*, W.D. Mich. Case No. 2:25-cv-158-PLM; *Boyle v. Iron County Friend of the Court*, W.D. Mich. Case No. 2:25-cv-162-JMB; *Boyle v. United States Attorney General,* W.D. Mich. Case No. 2:25-cv-173-PLM; *Boyle v. Peretto*, W.D. Mich. Case No. 2:25-cv-223-JMB.

1

has jurisdiction based upon "falsifying documents, not protecting child or parents, endanger life and limb, undue harassment." (*Id.*, PageID.3.) Plaintiff requests 25 billion dollars in damages. (*Id.*, PageID.4.)

The factual claims in the complaint are shown in their entirety below:

> CPS office has been harassing Janice Flory for over 20 years her kids, and ordering Janice Flory to do things that endanger her kids and Janice Flory

(*Id.*) Plaintiff has attached to the complaint a power of attorney signed by Janice Florey. (*Id.*, PageID.6-8.)

For the reasons explained below, it is recommended that the Court grant Defendants' motion to dismiss this case.

**II. Analysis**

    **1. Lack of Subject Matter Jurisdiction**

"As courts of limited jurisdiction, federal courts may exercise only those powers authorized by the Constitution and statute." *Fisher v. Peters*, 249 F.3d 433, 444 (6th Cir. 2001). Federal courts have an on-going obligation to examine whether they have subject-matter jurisdiction over an action and may raise the issue *sua sponte*. *Hertz Corp. v. Friend*, 559 U.S. 77, 94 (2010); *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 506 (2006). This Court has original subject matter jurisdiction over actions that involve "federal questions" that arise under the Constitution, federal law, or treaties of the United States. 28 U.S.C. § 1331. Ultimately, the plaintiff bears the burden of establishing that this Court has jurisdiction. *Peterson v. City of Grand Rapids*, 182 F. Supp. 3d 750, 753 (W.D. Mich. 2016) (citing *RMI Titanium Co. v. Westinghouse*

*Elec. Corp.*, 78 F.3d 1125, 1134 (6th Cir.1996)).

As a starting point, Shannon Boyle has asserted no facts or claims in his complaint that trigger federal question jurisdiction under 28 U.S.C. § 1331, diversity jurisdiction under 28 U.S.C. § 1332 or any other basis for jurisdiction under Title 28. Thus, the undersigned recommends dismissal of this case for lack of subject matter jurisdiction.

### 2. Lack of Standing

Second, Boyle's claims are asserted on behalf of Janice Flory, who has not signed the complaint and is not a party to the complaint. Boyle is not an attorney and, as a *pro se* litigant, he cannot represent Flory. *See Martin v. Fennville Pub. Sch. Dist.*, No. 1:21-CV-202, 2021 WL 5579204, at *1 (W.D. Mich. May 4, 2021) ("As a non-attorney, *pro se* plaintiff . . . cannot represent another *pro se* plaintiff"). Further, if Boyle filed a motion on behalf of Flory, Plaintiff Boyle would be in violation of 28 U.S.C. § 1654, which provides, with emphasis added, that "[i]n all courts of the United States the parties may plead and conduct their own cases *personally or by counsel* as, by the rules of such courts, respectively, are permitted to manage and conduct causes therein." Finally, Flory must sign her own pleadings pursuant to Fed. R. Civ. P. 11(a). On this basis alone, the case should be dismissed.

Further, as Defendants argue, Boyle has not alleged facts showing that he has standing to redress Flory's claims. For a plaintiff to invoke federal jurisdiction to bring suit in the federal courts, he must demonstrate standing. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561–62 (1992); *Lynch v. Leis*, 382 F.3d 642, 647 (6th Cir.

2004).  Standing is central to the "case-or-controversy" requirement associated with Article III of the Constitution.  *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016). Plaintiff has the burden of demonstrating that he (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that the injury is likely to be redressed by a favorable decision.  *Id.*  An injury in fact is a harm suffered by a plaintiff that (1) concrete and particularized and (2) not conjectural or hypothetical.  *Nader v. Blackwell*, 545 F.3d 459, 471 (6th Cir. 2008).

Traceability requires "a causal connection between the injury and the conduct complained of" and that the conduct not be a result of "the independent action of some third party."  *Lujan*, 504 U.S. at 560.  (internal quotation marks omitted).  And for an injury to be redressable, it must be "likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision."  *Id.* at 561 (internal quotation marks omitted).

Boyle's complaint identifies no claim that pertains to him.  Boyle has failed to identify an injury in fact.  The asserted cause of action in the complaint is Janice Flory's, and because Boyle is not an attorney, he cannot represent Flory's interests in this case.

### 3. Motion to dismiss for failure to state a claim

The Federal Rules provide that a claim may be dismissed for "failure to state a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6).  To survive a Rule 12(b)(6) motion, "a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face."  *Ashcroft v. Iqbal*, 556

4

U.S. 662, 678 (2009) (internal quotation marks omitted). Put differently, if plaintiffs do "not nudge[] their claims across the line from conceivable to plausible, their complaint must be dismissed." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

In determining whether a claim has facial plausibility, a court must construe the complaint in the light most favorable to the plaintiff, accept the factual allegations as true, and draw all reasonable inferences in favor of the plaintiff. *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008). Those factual allegations "must contain either direct or inferential allegations respecting all the material elements to sustain recovery under some viable legal theory." *League of United Latin Am. Citizens v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007) (internal citations omitted). "When a court is presented with a Rule 12(b)(6) motion, it may consider the Complaint and any exhibits attached thereto, public records, items appearing in the record of the case and exhibits attached to defendant's motion so long as they are referred to in the Complaint and are central to the claims contained therein." *Id.*

Defendants argue that Plaintiff's claims against them are barred by the Eleventh Amendment and qualified immunity. Plaintiff sues the State of Michigan Child Protective Services and the Director, as well as a supervisor and an agent from Iron Mountain, Michigan. Regardless of the form of relief requested, the states and

5

their departments are immune under the Eleventh Amendment from suit in the federal courts, unless the state has waived immunity or Congress has expressly abrogated Eleventh Amendment immunity by statute. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 98-101 (1984); *Alabama v. Pugh*, 438 U.S. 781, 782 (1978); *O'Hara v. Wigginton*, 24 F.3d 823, 826 (6th Cir. 1994). Similarly, the Supreme Court has held "that neither a State nor its officials acting in their official capacities are 'persons' under § 1983." *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989). Congress has not expressly abrogated Eleventh Amendment immunity by statute, *Quern v. Jordan*, 440 U.S. 332, 341 (1979), and the State of Michigan has not consented to civil rights suits in federal court. *Abick v. Michigan*, 803 F.2d 874, 877 (6th Cir. 1986). Accordingly, in the opinion of the undersigned, the State of Michigan Child Protective Services and the individual Defendants, sued in their official capacities, are entitled to Eleventh Amendment immunity.

Defendants Starling, Burke, and Kinzer argue that they are entitled to qualified immunity in their individual capacities. "Under the doctrine of qualified immunity, 'government officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Phillips v. Roane Cty.*, 534 F.3d 531, 538 (6th Cir. 2008) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)). Once a defendant raises the qualified immunity defense, the burden shifts to the plaintiff to demonstrate that the defendant officer violated a right so clearly established "that every 'reasonable

official would have understood that what he [was] doing violate[d] that right.'" *Ashcroft v. al-Kidd*, 563 U.S. 731, 741 (2011) (quoting *Anderson v. Creighton*, 483 U.S. 635, 640 (1987)). The analysis entails a two-step inquiry. *Martin v. City of Broadview Heights*, 712 F.3d 951, 957 (6th Cir. 2013). First, the court must "determine if the facts alleged make out a violation of a constitutional right." *Id.* (citing *Pearson v. Callahan*, 555 U.S. 223, 232 (1982)). Second, the court asks if the right at issue was "'clearly established' when the event occurred such that a reasonable officer would have known that his conduct violated it." *Id.* (citing *Pearson*, 555 U.S. at 232). A court may address these steps in any order. *Id.* (citing *Pearson*, 555 U.S. at 236). A government official is entitled to qualified immunity if either step of the analysis is not satisfied. *See Citizens in Charge, Inc. v. Husted*, 810 F.3d 437, 440 (6th Cir. 2016).

In applying the first step of the qualified immunity analysis, a court must identify "the specific constitutional right allegedly infringed" and determine whether a violation occurred. *Graham v. Connor*, 490 U.S. 386, 394 (1989). The court considers the state of the law at the second step. As the Supreme Court has observed, "this Court's case law does not require a case directly on point for a right to be clearly established, [but] existing precedent must have placed the statutory or constitutional question beyond debate." *White v. Pauly*, 137 S. Ct. 548, 551 (2017) (internal quotation marks and original brackets omitted) (quoting *Mullenix v. Luna*, 136 S. Ct. 305, 308 (2015)). As explained by the Supreme Court:

> To be clearly established, a legal principle must have a sufficiently clear foundation in then-existing precedent. The rule must be "settled law,"

7

>  *Hunter v. Bryant*, 502 U.S. 224, 228, 112 S.Ct. 534, 116 L.Ed.2d 589 (1991) (per curiam), which means it is dictated by "controlling authority" or "a robust 'consensus of cases of persuasive authority,' " *al–Kidd*, *supra*, at 741–742, 131 S.Ct. 2074 (quoting *Wilson v. Layne*, 526 U.S. 603, 617, 119 S.Ct. 1692, 143 L.Ed.2d 818 (1999)). It is not enough that the rule is suggested by then-existing precedent. The precedent must be clear enough that every reasonable official would interpret it to establish the particular rule the plaintiff seeks to apply. *See Reichle*, 566 U.S., at 666, 132 S.Ct. 2088. Otherwise, the rule is not one that "every reasonable official" would know. *Id.*, at 664, 132 S.Ct. 2088 (internal quotation marks omitted).
>
> The "clearly established" standard also requires that the legal principle clearly prohibit the officer's conduct in the particular circumstances before him. The rule's contours must be so well defined that it is "clear to a reasonable officer that his conduct was unlawful in the situation he confronted." *Saucier v. Katz*, 533 U.S. 194, 202, 121 S.Ct. 2151, 150 L.Ed.2d 272 (2001). This requires a high "degree of specificity." *Mullenix v. Luna*, 577 U.S. ––––, ––––, 136 S.Ct. 305, 309, 193 L.Ed.2d 255 (2015) (per curiam). We have repeatedly stressed that courts must not "define clearly established law at a high level of generality, since doing so avoids the crucial question whether the official acted reasonably in the particular circumstances that he or she faced." *Plumhoff*, *supra*, at 2023 (internal quotation marks and citation omitted). A rule is too general if the unlawfulness of the officer's conduct "does not follow immediately from the conclusion that [the rule] was firmly established." *Anderson*, *supra*, at 641, 107 S.Ct. 3034. In the context of a warrantless arrest, the rule must obviously resolve "whether 'the circumstances with which [the particular officer] was confronted … constitute[d] probable cause.'" *Mullenix*, *supra*, at 309 (quoting *Anderson*, *supra*, at 640–641, 107 S.Ct. 3034; some alterations in original).

*D.C. v. Wesby*, 138 S. Ct. 577, 589–90 (2018).   Plaintiff has attributed no specific conduct to any of the individual Defendants.   In the opinion of the undersigned, Defendants Starling, Burke, and Kinzer are entitled to qualified immunity because Plaintiff has failed to identify any violation of clearly established law.

### 3. Statute of Limitations

Plaintiff asserts that the harassment has been "for over 20 years." (ECF No. 1, Page4.) To the extent that Plaintiff is asserting claims that arose more than three years prior to the date of the complaint, Plaintiff's claims are barred under the statute of limitations period.

State statutes of limitations and tolling principles apply to determine the timeliness of claims asserted under 42 U.S.C. § 1983. *Wilson v. Garcia*, 471 U.S. 261, 268–69 (1985). For civil rights suits filed in Michigan under § 1983, the statute of limitations is three years. Mich. Comp. Laws § 600.5805(2); *Carroll v. Wilkerson*, 782 F.2d 44, 44 (6th Cir. 1986) (per curiam); *Stafford v. Vaughn*, No. 97-2239, 1999 WL 96990, at *1 (6th Cir. Feb. 2, 1999). Accrual of the claim for relief, however, is a question of federal law. *Collyer v. Darling*, 98 F.3d 211, 220 (6th Cir. 1996); *Sevier v. Turner*, 742 F.2d 262, 272 (6th Cir. 1984). The statute of limitations begins to run when the aggrieved party knows or has reason to know of the injury that is the basis of his action. *Collyer*, 98 F.3d at 220. To the extent that Plaintiff is asserting claims that accrued prior to three years before he filed his complaint, Plaintiff's claims are barred under the three-year statute of limitations period.

### III. Recommendation

Accordingly, it is recommended that the Court dismiss this case for lack of subject matter jurisdiction. Alternatively, it is recommended that the Court grant Defendants' motion to dismiss.

If the Court accepts this recommendation, this case will be dismissed.

NOTICE TO PARTIES:   Objections to this Report and Recommendation must be served on opposing parties and filed with the Clerk of the Court within fourteen (14) days of receipt of this Report and Recommendation.  28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); W.D. Mich. LCivR 72.3(b).  Failure to file timely objections constitutes a waiver of any further right to appeal.  *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  *See also Thomas v. Arn*, 474 U.S. 140 (1985).

Dated:   November 25, 2025                                  /s/ *Maarten Vermaat*
                                                            MAARTEN VERMAAT
                                                            U.S. MAGISTRATE JUDGE